UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JOSEPH HODGES-BEASLEY,

                      Plaintiff,

    -against-                                          9:20-CV-1362 (LEK/DJS)

JOHN DOE (BUETISTA), et al.,

                      Defendants.

## DECISION AND ORDER

**I.**      **INTRODUCTION**

Pro se plaintiff Joseph Hodges-Beasley brought this action under 42 U.S.C. § 1983 alleging, inter alia, that certain "John Doe" officials at Oneida County Jail violated his Eighth Amendment rights when they subjected him to excessive force and/or failed to protect him from the use of excessive force by other officials in August, 2020. Dkt. No. 1 ("Complaint"). After a sufficiency review by the Court pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the aforementioned Eighth Amendment claims were found to survive sua sponte review. See Dkt. No. 7 ("December 2020 Order"). Because Plaintiff was unable to identify the "John Doe" defendants by name, the Court directed the Oneida County Attorney's Office to produce, to the extent possible, certain information regarding the identity of the "John Doe" defendants. Id. at 11–12.

Following the December 2020 Order and two letter briefs filed by counsel on behalf of the Oneida County Attorney's Office, Plaintiff filed a letter wherein he clarified that the event(s) giving rise to the claims asserted in his Complaint occurred in the "mental health infirmary" on July 6, 2020, at approximately 5:06 a.m., and not on August 8, 2020, as alleged in the Complaint.

See Dkt. No. 13. In light of this letter, the Court entered an order on April 13, 2021, directing counsel for the Oneida County Attorney's Office to produce, within twenty (20) days and to the extent possible, the identity of each "John Doe" defendant. Dkt. No. 14.

On June 9, 2021, counsel for the Oneida County Attorney's Office filed a letter brief identifying three officials assigned to Plaintiff's "unit/area" on July 6, 2020, between 5:00 a.m. and 6:00 a.m. Dkt. No. 16. By order entered on June 15, 2021, the Court directed Plaintiff to review counsel's submission and file an amended complaint within thirty (30) days substituting one or more named defendants in place of one or more "Doe" defendants to the extent he was able to do so. Dkt. No. 17 ("June 2021 Order"). Plaintiff was further advised that if he was unable to identify one or more of the "Doe" defendants by name based on the information provided by counsel, this action may be dismissed pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure. Id.

Plaintiff failed to file anything in response to the June 2021 Order. As a result, on August 3, 2021, the Court issued another order affording Plaintiff "one final opportunity to comply with the June 2021 Order." Dkt. No. 18 ("August 2021 Order"). Plaintiff was expressly advised in the August 2021 Order that this action would be dismissed without prejudice pursuant to Rules 4(m) and 41(b) of the Federal Rules of Civil Procedure if he failed to submit a proper amended complaint within thirty (30) days. Id.

More than sixty (60) days have passed since the Court's issuance of the August 2021 Order, and Plaintiff has yet to comply with that order or communicate with the Court in any other manner regarding this action.

**II.   DISCUSSION**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute an action, or to comply with the procedural rules or orders of the court. Link v. Wabash R.R. Cnty. Indep. Sch. Dist., 370 U.S. 626 (1962).[1] This power to dismiss may be exercised when necessary to achieve orderly and expeditious disposition of cases. See Freeman v. Lundrigan, No. 95-CV-1190, 1996 WL 481534, *1 (N.D.N.Y. Aug. 22, 1996) (Pooler, J.).[2]

In considering whether dismissal of an action for failure to prosecute is warranted, a district court must consider the following factors, none of which are dispositive: (1) whether "the plaintiff's failure to prosecute caused a delay of significant duration"; (2) whether "plaintiff was given notice that further delay would result in dismissal; (3) whether "defendant was likely to be prejudiced by further delay"; (4) "the need to alleviate court calendar congestion . . . balanced against plaintiff's right to an opportunity for a day in court"; and (5) "the efficacy of lesser sanctions." United States ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 254 (2d Cir. 2004) (citations omitted).

The Court has carefully considered the five factors relevant to the dismissal of an action for failure to prosecute, and/or failure to obey a court order, under Fed. R. Civ. P. 41(b), and has

---

[1] It is well-settled that the term "these rules" in Fed. R. Civ. P. 41(b) refers not only to the Federal Rules of Civil Procedure but also to the local rules of practice for a district court. See Tylicki v. Ryan, 244 F.R.D. 146, 147 (N.D.N.Y. 2006).

[2] Even though Fed. R. Civ. P. 41(b) speaks only of a dismissal on a motion by a defendant, courts have recognized that the rule does not abrogate a district court's inherent power to dismiss a complaint, sua sponte, for failure to prosecute. See Saylor v. Bastedo, 623 F.2d 230, 238–39 (2d Cir. 1980).

3

concluded that they weigh decidedly in favor of the dismissal of this action. See Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Plaintiff has not communicated with the Court in over six months, and the duration of his failure to comply with the Court's orders is now over four months.[3] Yet Plaintiff clearly received adequate notice that this case could not proceed unless and until one or more "Doe" officials are named as defendants, and counsel has provided all information available to assist Plaintiff in identifying the "Doe" defendants. In addition, Plaintiff was advised more than four months ago that his failure to submit a proper amended complaint could result in the dismissal of this action. See June 2021 Order.

Furthermore, the Court finds that the intended defendants, who have yet to even be served, may be prejudiced by further delay in the proceedings.[4] In addition, in light of Plaintiff's failure to indicate an intention to comply with the Court's orders or request additional time in which to do so, the need to alleviate congestion on the Court's docket outweighs Plaintiff's right to receive a further chance to comply. Lastly, the Court has carefully considered less drastic sanctions and has found them to be inadequate under the circumstances. Nevertheless, in light of Plaintiff's pro se status, the Court directs that the dismissal of this action be without prejudice.[5]

---

[3] See N.D.N.Y. Local Rule 41.2(a) (unless a date has been set for pretrial proceedings or for trial, "the plaintiff's failure to take action for four (4) months shall be presumptive evidence of lack of prosecution.").

[4] See Georgiadis v. First Boston Corp., 167 F.R.D. 24, 25 (S.D.N.Y. 1996) ("The passage of time always threatens difficulty as memories fade. Given the age of this case, that problem probably is severe already. The additional delay that plaintiff has caused here can only make matters worse.").

[5] Unless the dismissal order states otherwise, a dismissal pursuant to Rule 41(b) "operates as an adjudication on the merits." Fed. R. Civ. P. 41(b).

### III.    CONCLUSION

Accordingly, it is hereby:

**ORDERED** that this action is **DISMISSED** without prejudice due to Plaintiff's failure to comply with the Court's Orders and prosecute this action, and the Clerk is directed to enter judgment accordingly; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on Plaintiff and counsel for the Oneida County Attorney's Office.

**IT IS SO ORDERED.**

DATED:    October 20, 2021
          Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge